11-3355-cv
Jones v. NCBE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of April, two thousand twelve.

Present:     JOHN M. WALKER, JR.,
             PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                     *Circuit Judges*.

_____

DEANNA L. JONES,

                             *Plaintiff-Appellee*,

             -v.-                                              11-3355-cv

NATIONAL CONFERENCE OF BAR EXAMINERS,

                             *Defendant-Appellant*,

ACT, INCORPORATED,

                             *Defendant*.

_____

Appearing for Appellant National Conference of Bar Examiners:

             Robert A. Burgoyne, Fulbright & Jaworski L.L.P. (Caroline M. Mew, *on the brief*; Karen McAndrew, Dinse, Knapp & McAndrew, P.C., Burlington, Vt., *on the brief*), Washington, D.C.

Appearing for Appellee Deanna L. Jones:

> Daniel F. Goldstein, Brown, Goldstein & Levy, LLP (Trevor H. Coe, *on the brief*; Emily J. Joselson, Michele B. Patton, Langrock Sperry & Wook, LLP, Middlebury, Vt., *on the brief*; Scott C. LaBarre, LaBarre Law Offices, P.C., Denver, Colo., *on the brief*), Baltimore, Md.

Appearing for Amicus Curiae the United States:

> Nikolas P. Kerest, Assistant United States Attorney for the District of Vermont (Tristram J. Coffin, United States Attorney, Carol L. Shea, Chief of Civil Division, *on the brief*; Thomas E. Perez, Assistant Attorney General, Jessica Dunsay Silver, Thomas E. Chandler, United States Department of Justice, Civil Rights Division, Appellate Section, Washington, D.C., *on the brief*), Burlington, Vt.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *C. J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the judgment of said District Court be and it hereby is **DISMISSED AS MOOT** and **REMANDED** for further proceedings.

Defendant National Conference of Bar Examiners ("NCBE") appeals from the order of the district court granting a preliminary injunction to plaintiff Deanna L. Jones. We assume the parties' familiarity with the facts, procedural history, and specification of issues for review. As the facts of the dispute have developed, however, nothing is at stake in the appeal from the preliminary injunction order. We therefore dismiss the appeal as moot and remand the case to the district court for further proceedings. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 398 (1981) (holding appeal of preliminary injunction moot where "the terms of the injunction . . . ha[d] been fully and irrevocably carried out").

NCBE argues that the appeal is not moot because we have the power, "on appeal from an interlocutory order [granting a preliminary injunction, to] examine the merits of the case," and we may dismiss the entire action. *Munaf v. Geren*, 553 U.S. 674, 691-92 (2008). This argument is unavailing. The fundamental rule in the federal courts is that appellate courts review only the final judgments of lower courts. An exception is made for the grant or denial of a preliminary injunction to "prevent the injustice of burdening a party with a manifestly erroneous decree while the ultimate merits of a dispute are being litigated." *See Independence Party of Richmond Cty. v. Graham*, 413 F.3d 252, 256 (2d Cir. 2005). That justification no longer applies where, as here, the preliminary injunctive order has already been irrevocably executed because the appellate court can no longer relieve the appellant of temporary burdens imposed by the preliminary injunction. In those circumstances, the rule that we review only final judgments of the lower courts continues to apply.

NCBE also asserts that its appeal comes within the exception to the mootness doctrine for "cases that are capable of repetition, yet evading review," *see, e.g.*, *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). We disagree. NCBE's claim does not evade review because this appeal raises the same legal issues that "remain pending before the district court," and "in due course, following the entry of final judgment in that court, [those issues] can be reviewed on appeal in this court." *Independence Party*, 413 F.3d at 256. While NCBE's appeal is moot, the $5,000 preliminary injunction bond paid by Jones ensures that the case as a whole is not moot. *See Camenisch*, 451 U.S. at 393.

Accordingly, the appeal from the judgment of the district court hereby is DISMISSED AS MOOT, and the case is REMANDED to the district court for further proceedings.


FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

3